UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YU CHING CHANG**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**IMMIGRANT INVESTOR PROGRAM OFFICE**, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-03180 (TNM) |

**MEMORANDUM OPINION**

Plaintiff Liang Yu Tseng has waited 55 months for U.S. Citizenship and Immigration Services (USCIS) to render a decision on her I-526 immigrant investor petition. Tired of the delay, she sued USCIS's Immigrant Investor Program Office and Ur Jaddou, the Director of USCIS. In return, the Government asks this Court to dismiss the case, arguing that its nearly five-year delay is not unreasonable. Finding that USCIS's delay does not yet qualify as unreasonable, the Court will dismiss the Complaint.

I.

Liang Yu Tseng is a Taiwanese citizen and resident.[1] Amend. Compl. (Compl.) ¶ 1, ECF No. 13. She filed an I-526 Petition for an immigrant investor visa in November 2019. *Id*. ¶ 43. For 51 months afterward, she alleges that USCIS "t[ook] no further action" on the petition. *Id*. ¶ 44. As of today, that number is up to 55 months. But she says, USCIS *has* adjudicated a whole host of other applications that were filed after hers. *Id*. ¶ 45. She therefore sues the

---

[1] Although this case was originally brought by four Plaintiffs, *see* ECF No. 1 at 1, the other Plaintiffs' claims have since been dismissed, Feb. 27, 2024, Minute Order; Mar. 6, 2024, Minute Order. Liang is all that remains.

Government, alleging that its delay in deciding her application is both arbitrary and capricious agency action—because it departs from an established first-in, first-out rule for visa adjudication—and an unreasonable delay or withholding of action. *Id.* ¶ 65–83.

## II.

The Government moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). So the Court accepts Liang's factual allegations as true, and asks whether they give rise to a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although Liang frames her case as raising two claims, they are really the same. Both claims target precisely the same problem: USCIS's delay in issuing her visa. The Court therefore must apply the same established framework to each. That framework is the so-called "*TRAC* factors," first laid out in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). Those factors are as follows:

1. Whether the time the agency takes to make a decision is governed by a rule of reason;

2. Whether "Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute";

3. Whether the delayed action relates to "economic regulation" or "human health and welfare";

4. Whether expediting the delayed action would impact other agency activities of a higher or competing priority;

5. The nature and extent of the interests prejudiced by the delay; and

> 6. Whether there is evidence of "any impropriety" by the agency, although such evidence is unnecessary to support an unreasonable delay claim.

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999).

Courts traditionally analyze certain of these factors together. So, for instance, factors one and two usually get bundled into one group. *Yaghoubnezhad v. Stufft*, --- F. Supp. 3d ---, 2024 WL 2077551, *12 (D.D.C. 2024). Similarly with factors three and five. *Id.* at *13; *see generally Da Costa v. Immigr. Inv. Prog. Off.*, 80 F.4th 330 (D.C. Cir. 2023) (proceeding this way).

### III.

Start with Liang's claim that the Government's motion is premature. She argues that her Complaint cannot be dismissed now, because the Government has not filed a copy of the administrative record under Local Rule 7(n). Opp'n to Mot. to Dismiss (Opp'n) at 15 n.3, ECF No. 15. Courts in this district generally waive compliance with Rule 7(n) in unreasonable delay cases for visa applications, precisely because "there is no administrative record for a federal court to review in cases of alleged agency inaction." *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 50 n.6 (D.D.C. 2021) (cleaned up). The Court likewise waives compliance with Rule 7(n) here.

Now take each of the *TRAC* factors in turn.

Start with factors 1 and 2, which look at the length of the agency's delay. When the Amended Complaint was filed, the delay was 51 months. Compl. at 2. By now, that number is up to roughly 55 months. In fairness to the Government, though, eight months of that delay cannot be attributed to USCIS, because it stemmed from a congressional lapse in authorization. Mot. at 11, ECF No. 14. So USCIS's true delay amounts to roughly 47 months.

Liang points to agency data that led her to believe her application would be processed within 19 months of filing. Compl. ¶ 36. But over the past four years, "USCIS's processing

time for I-526 petitions has gone from slow to slower." *Mukkavilli v. Jaddou*, No. 23-5138, 2024 WL 1231346, *1 (D.C. Cir. Mar. 22, 2024) (unpublished).  While the median time to decide a petition was 19 months in 2019, it had risen to over 44 months by 2022 and is now "more than four years."  Compl. ¶ 36; *Mukkavilli*, 2024 WL 1231346, at *1.  Although "that wait is undoubtedly maddening," *Mukkavilli*, 2024 WL 1231346, at *1, it does not exceed the levels of delay that courts in this district have found tolerable.  *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155, 162 (D.D.C. 2022) ("[I]mmigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable."); *Dastagir v. Blinken*, 557 F. Supp. 3d 160, 165 (D.D.C. 2021) (noting that a five-year wait for a visa "stretches but does not exceed the boundaries of reasonableness under the case law in this district").  So the first two factors support the agency.  *See also Sawahreh*, 630 F. Supp. 3d at 162 (allegation agency departed from priority rule not enough for factors one and two).

Now look to factors three and five, which deal with the nature and extent of the prejudice from the delay.  Liang alleges that the delay in adjudicating her petition has caused her investment capital to "remain at risk," or else she risks losing eligibility for permanent residency.  Compl. ¶ 104 (emphasis omitted).  But this is a quintessentially economic injury.  *See Da Costa*, 80 F.4th at 344–45.  These "financial harms" and "uncertainty" are "insufficient to tip *TRAC* factors three and five in [her] favor."  *Id*. at 345.

Factor four "strongly disfavors the Plaintiff[] here," too.  *Da Costa*, 80 F.4th at 343.  Liang seeks "individual, not systemic, relief."  *Id*. at 344.  Although she argues that USCIS has behaved arbitrarily and capriciously, Compl. ¶¶ 65–74, she does not ask that any agency regulation be held unlawful and set aside, or otherwise request any kind of relief that would extend beyond her case alone.  But this means that any remedy here would put her petition "at

the head of the queue" and "simply move[] all others back one space," producing "no net gain." *Da Costa*, 80 F.4th at 343. This "line jumping" is "strongly disfavor[ed]" and factor four therefore counts against Liang. *Id.* at 339, 343.

Liang resists this argument. She insists that an order to adjudicate her visa would not facilitate line jumping because it would simply "place [her] back in the position she would be in if Defendants [had] followed the announced rule." Opp'n at 12. But that is not an argument that mandamus would avoid line jumping—it is simply an argument that the line jumping it would accomplish *is good*. Perhaps "hundreds of other similarly situated investors who filed after [her] have now received an adjudication." *Id.*; *see also* Ex. B., ECF No. 1-2. But there are myriad reasons why those may have been finished first. They may, for instance, have been easier and quicker to resolve. After all, a first-in, first-out rule for *addressing* applications does not commit USCIS to a first-in, first-out rule for *resolving* them; the details of each individual application will dictate the speed of resolution. In any event, ordering Liang's application to be moved to the front of the queue—whether deserved or not—will "simply move[]" all other applications "back one space" and produce "no net gain." *Da Costa*, 80 F.4th at 343. That such line jumping may be deserved does not change that, so factor four still disfavors Liang.

Last, factor six. Although Liang argues that USCIS's failure to adjudicate her visa may stem from impropriety, Compl. ¶ 110, the pleadings do not support that notion. She did not plead that it had acted with animus toward her, or that it had any kind of subjective bad faith. At most, she alleged that the delay *may* be intentional or the result of bad faith. *Id.* at 18. In any event, even assuming she had alleged bad faith, this single factor would not tip the scales for the other five.

In sum, no *TRAC* factor counts in Plaintiff's favor. The Court therefore concludes that she has failed to make out a plausible claim of unreasonable delay, and it thus must dismiss both her claims.

**IV.**

The Court agrees with Liang—as has the Circuit—that USCIS's processing of I-526 applications has become "increasingly sluggish." *Da Costa*, 80 F.4th at 344. That poses a serious problem, *id.*, and is "undoubtedly maddening," *Mukkavilli*, 2024 WL 1231346, *1. But even so, USCIS's delay here has not yet reached a point where it is legally actionable. Still, at some point, agency delays can no longer evade judicial review. *Sawahreh*, 620 F. Supp. 3d at 162 ("[D]elays in excess of five, six, seven years are unreasonable."). Until then, though, the Court must dismiss Plaintiff's Complaint. A separate Order will issue today.

Dated: July 11, 2024                                    TREVOR N. McFADDEN, U.S.D.J.